JUSTICE RICE,
dissenting.
¶72 I agree with the Court that the parties clearly intended to exclude the Plywood Plant Building from coverage, clearly acted to implement this intention, and that the consequence of their action was that coverage for the Building “no longer existed.” Opinion, ¶ 42. However, I disagree with the Court’s further conclusion that the parties *77 nonetheless did not exclude “the remnants of the Plywood Plant Building” from coverage-as if the remnants of the Building somehow acquired a different character than the Building itself, a conclusion for which no support is offered. Opinion, ¶ 48 (emphasis added). Thomas Wood’s June 26, 2008 letter advised the Port “that there is NO COVERAGE (property or liability) on the old plywood plant location” (caps in original, italics added). Following the cancellation of coverage, the Port’s property insurance premium went down from $19,210 to $7,004. Thus, there was no consideration for coverage for the Building. The Court declares Allianz to be an excess insurer, Opinion, ¶ 31, but there can be no excess coverage if there was no consideration for primary coverage. I disagree with the District Court’s conclusion that an insurance contract cannot be reformed. Although we should affirmatively declare that there was no coverage at all because of the failure of consideration, Allianz is at least entitled to reformation of the contract to conform it to the parties’ clear intentions.
¶73 I further disagree that the parties’ specific action to delete the Building from coverage was counteracted by the general provision insuring property within 1,000 feet of an insured location, and that it was legally impossible to delete coverage for a particular building unless Allianz “change[d] its policy to reflect its apparent belief that the Plywood Plant Building would not be covered under any circumstances.” Opinion, ¶ 50. Under the Court’s policy interpretation, coverage for a particular property could never be deleted unless the policy was rewritten. This lacks any sense.
¶74 I would reverse and enter judgment for Allianz.
JUSTICE BAKER joins in the dissenting Opinion of JUSTICE RICE.